**ALD-230**                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-2455

In re: NATHANIEL BROOKS, JR.,
                                                Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to: E.D. Pa. Civ. No. 2-09-cv-04712)

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 24, 2010

Before: SLOVITER, AMBRO and SMITH, Circuit Judges

(Opinion filed: July 7, 2010)

OPINION

PER CURIAM

    Petitioner Nathaniel Brooks, Jr., a prisoner proceeding pro se, seeks a writ of

mandamus compelling the return of certain papers and other belongings. For the reasons that

follow, we will deny the petition.

    Brooks filed a motion for a writ of mandamus in District Court alleging that he has

attempted to obtain from his public defender discovery materials and information about state

1

criminal charges against him. He explained that his attorney did not respond to his requests for information and believes that his due process and equal protection rights are being violated. The District Court denied the motion without prejudice, noting that Brooks does not presently have a pending case in that court. Brooks then filed his motion for a writ of mandamus in this Court, which includes similar allegations.

Mandamus is a drastic remedy available only in extraordinary cases, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). We may issue a writ of mandamus only if there is an otherwise existing basis for subject matter jurisdiction. United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981). In this case, as the District Court found, there is no pending action over which a writ of mandamus might aid our jurisdiction. See id. (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist"). Indeed, federal courts other than the United States Supreme Court do not exercise appellate jurisdiction over state courts. See In re Richards, 213 F.3d 773, 781-82 (3d Cir. 2000). Furthermore, it does not appear that Brooks has attempted to obtain the information he seeks through other means. Therefore, mandamus is not the appropriate avenue for the remedy he seeks. Accordingly, the petition is denied.